# EXHIBIT D

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
310.228.3700 main
310.228.3701 fax
www.sheppardmullin.com

310.228.3749 direct
ccardon@sheppardmullin.com

May 1, 2024

File Number:  05HY-378321

Matthew Levington                                                    **VIA EMAIL**
Arbitration Practice Manager - West
JAMS, Inc.
Email: MLevington@jamsadr.com

Re:    <u>Keller Postman Arbitration Filings Against The Children's Place, Inc.</u>

Dear Matthew:

The Children's Place, Inc. ("TCP") understands that 1,352 arbitration demands were filed by the law firm Keller Postman on behalf of individual consumers ("Claimants") on or around August 15, 2023 and that 1,370 similar arbitration demands were filed on or around May 1, 2024.[1]  The parties' agreement for JAMS to hold off on processing these claims has now expired.

While TCP does not waive any argument or rights in any respect, including arguments regarding whether it has an existing arbitration agreement with any particular claimant, it understands that Keller Postman, on behalf of the Claimants, claims that the arbitrations purportedly arise under TCP's Terms and Conditions available on its website at https://www.childrensplace.com/us/help-center/policies/TermsandConditions (the "Terms").  The Terms contain an arbitration provision requiring one arbitrator in a proceeding conducted by JAMS pursuant to the JAMS Streamlined Arbitration Rules & Procedures effective July 1, 2014[2] ("JAMS Rules") and as modified by that arbitration agreement (attached hereto as Exhibit A).

The Terms further require that, "[t]o the fullest extent permitted by applicable law, any and all claims shall be referred to and finally resolved through binding and confidential arbitration conducted in Hudson County, New Jersey" (the "Venue Term").  The Venue Term modifies the JAMS Rules, Rule 1(d), which states that "JAMS may, in its discretion, assign the administration of an Arbitration to any of its Resolution Centers."  It also modifies JAMS Rules, Rule 6(b), which states that "[i]f no Arbitrator has yet been appointed, at the request of a Party and in the absence of Party agreement, JAMS may determine the location of the Hearing, subject to Arbitrator review. In determining the location of the Hearing, such factors as the subject matter of the dispute, the convenience of the Parties and witnesses, and the relative resources of the Parties shall be considered."

---

[1] TCP's investigation of these claims is ongoing, including with respect to whether arbitration agreements exist with all claimants and whether any or all of the same individuals filed on both August 15, 2023 and May 1, 2024.

[2] Note, the Statements of Demand filed by the claimants incorrectly quote this provision.  The 2014, not 2024, version of the JAMS Rules are agreed upon by the parties.

**Sheppard**Mullin

Ms. Sheri Eisner
May 1, 2024
Page 2

In each Statement of Demand, the claimant asks JAMS to assign an arbitrator in the claimant's hometown, citing the Consumer Minimum Standards. This is contrary to the express language of the Venue Term in the arbitration provision of the Terms, which requires that all hearings must occur in Hudson County, New Jersey. TCP does not waive the Venue Term of the arbitration agreement, which is material to TCP.

Accordingly, TCP requests that JAMS confirm whether it will administer the proposed arbitrations in compliance with the Venue Term. If so, TCP requests that JAMS further confirm that it has resources and capacity to simultaneously conduct all 2,722 arbitrations in Hudson County, New Jersey pursuant to the arbitration agreement, prior to issuing any invoices with respect to those claims.

Sincerely,

  -s-

P. Craig Cardon
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4890-3086-4314.2