# EXHIBIT E



NOTICE TO ALL PARTIES                                                                June 10, 2024

**RE:    Keller Postman Children's Place Filings – 1601002641**

Dear Parties:

JAMS has received and reviewed the parties' submissions concerning the above-referenced Demands for Arbitration, including letter briefs from Respondent of May 1, May 3 (erroneously dated May 1), and May 8, 2024; and responsive letter briefs from Claimants dated May 3, May 5, and May 15.

As you know, on August 15, 2023, the firm of Keller Postman filed 1,352 Demands for Arbitration on behalf of individual Claimants against Respondent The Children's Place.  The Demands appear to be identical save for the names and contact information of the Claimants.  Claimants seek arbitration under Respondent's Terms and Conditions ("Terms") effective October 2022.  Among other things, these Terms provide for the arbitration of disputes by JAMS and pursuant to the 2014 JAMS Streamlined Arbitration Rules and Procedures; they contain a link to the JAMS Consumer Minimum Standards; and they require arbitration to be "conducted on an individual basis and not in a class, consolidated or representative action . . . ." Disputes and Mandatory Arbitration, para. 3.

On September 10, 2023, Respondent updated its Terms.  The 2023 version of the Terms contains an arbitration provision that is similar if not identical to the 2022 version except that it provides for arbitration "conducted in Hudson County, New Jersey."

On September 13, 2023, the parties entered into a standstill agreement with respect to the Demands while they mediated the dispute.  The cases did not settle at mediation.  The standstill agreement expired on May 1, 2024.

On May 1, 2024, Keller Postman filed another 1,370 Demands for Arbitration on behalf of individual Claimants against Respondent.  These Demands seek arbitration under the 2022 version of the Terms.

The parties disagree over which version of the Terms applies.  Respondent contends the 2023 version applies.  Respondent asks JAMS to confirm whether JAMS is willing and able to administer all Demands consistent with the 2023 version and specifically the Hudson County, New Jersey venue provision.  Respondent "does not waive the [Hudson County, NJ] Venue Term

Keller Postman Children's Place Filings – 1601002641
June 10, 2024
P a g e  | **2**

of the arbitration agreement, which is material to [Respondent]"  P.C. Cardon, May 8 Letter Brief, p. 6.  Claimants contend the 2022 version of the Terms applies and argue that even if the 2022 version contained a New Jersey venue provision (it does not), the provision would be unconscionable and thus would not apply.

More fundamentally, Respondent disputes whether any arbitration agreement exists between it and any Claimant.  Respondent argues that Claimants "have not set forth sufficient facts—let alone evidence—establishing that they affirmatively agreed to the Terms by making a purchase on [Respondent's] website at a time when those acts would have required them to manifest assent to the Terms, creating a binding contract."  P.C. Cardon, May 8 Letter Brief, p. 3.  Respondent "does not understand itself to have entered into contracts with anyone that has not evidenced they have made an online purchase or signed up for a rewards account through a manner subjecting them to the Terms."  Ibid.  Moreover, "[t]he Terms' delegation provision does not—and cannot—delegate the question of whether there is an agreement to arbitrate, because that question is reserved for a court."  Ibid, p. 4.  Respondent "intends to require Keller Postman and its clients to establish by a preponderance of the evidence in a court of law that they have an enforceable arbitration agreement with" Respondent.  Ibid.  Because Claimants' Demands "fail to establish *prima facie* evidence of an agreement to arbitrate," and because Respondent "refus[es] to submit claims to arbitration without the claimants meeting that evidentiary burden, JAMS has no jurisdiction to administer the arbitration demands or to appoint an arbitrator to decide whether the parties agreed to arbitrate their claims."  Ibid, p. 5.

Upon receipt of a Demand for Arbitration, JAMS conducts a facial review of the documents submitted, and any objection, to determine whether JAMS can commence arbitration consistent with the JAMS Rules.  JAMS Rule 5(a) states in part:

> *(a) The Arbitration is deemed commenced when JAMS issues a Commencement Letter based upon the existence of one of the following:*
> *. . .*
> *(ii) A pre-dispute written contractual provision requiring the Parties to arbitrate the dispute or claim specifying JAMS administration or use of any JAMS Rules or that the Parties agree shall be administered by JAMS; or*
> *. . .*
> *(v) A copy of a court order compelling Arbitration at JAMS.*

JAMS may commence arbitration consistent with JAMS Rule 5(a) "based upon the existence of" an arbitration agreement between the parties or a court order compelling arbitration at JAMS. Here, the parties disagree over whether an arbitration agreement exists as to any Claimant.  A facial review of the documents submitted to date sheds no light on the issue.  Accordingly, in light of Respondent's objection, JAMS will not proceed with administration at this time.  If the parties agree or a court compels the parties to proceed at JAMS, we will resume administration.

Keller Postman Children's Place Filings – 1601002641
June 10, 2024
P a g e  | **3**

Regarding the venue provision in the 2023 version of the Terms, the JAMS Consumer Minimum Standards ("Minimum Standards") effective July 15, 2009, apply to the first batch of Demands. Standard 5 of the 2009 Minimum Standards states, "The consumer must have a right to an in-person hearing in his or her hometown area."  The Minimum Standards effective May 1, 2024, apply to the second batch of Demands.  Standard 5 of the 2024 Minimum Standards states, "The consumer's access to arbitration must not be precluded by the location of the arbitration." As noted above, Respondent "does not waive the [Hudson County, NJ] Venue Term of the arbitration agreement, which is material to [Respondent]."  P.C. Cardon, May 8 Letter Brief, p. 6.  A requirement to hold the arbitration in Hudson County, New Jersey, violates the 2009 Minimum Standards for all Claimants who do not reside in Hudson County, New Jersey, and it potentially violates the 2024 Minimum Standards for the same set of Claimants.  Where the Minimum Standards apply and the company refuses to abide by the Minimum Standards, JAMS will decline to administer the arbitration unless the consumer agrees to waive the Standard(s) in question.  The parties should bear this in mind notwithstanding the issue of contract formation.

Finally, to the extent these matters proceed in arbitration Respondent requests the appointment of a process arbitrator to determine "standing issues that can be delegated to an arbitrator."  The JAMS Rules do not provide for the appointment of a process arbitrator.  The JAMS Mass Arbitration Procedures and Guidelines ("Procedures") allow JAMS to designate a process administrator to determine preliminary and administrative matters in a mass arbitration; however, the Procedures apply only where the parties have agreed in writing to their application.  See Procedure 1(a).  Where the parties' arbitration agreement expressly precludes consolidation and requires any arbitration to be conducted on an individual basis, JAMS must treat each case individually and cannot appoint a process arbitrator or administrator to decide preliminary or administrative issues on a global basis absent some further agreement by the parties.

Sincerely,

/s/ Sheri Eisner

Sheri Eisner
Senior Vice President, General Counsel
Co-Chair, JAMS National Arbitration Committee

**PROOF OF SERVICE BY E-Mail**

Re: Keller Postman Children's Place Filings
Reference No. 1601002641


I, Matthew Levington, not a party to the within action, hereby declare that on June 10, 2024, I served the

attached LETTER DATED JUNE 10, 2024 on the parties in the within action by electronic mail at Irvine,

CALIFORNIA, addressed as follows:

Albert Pak Esq.
Ethan Ames
Keller Postman
1100 Vermont Avenue, N.W.
12th Floor
Washington, DC   20005
Phone: 202-918-1123
albert.pak@kellerpostman.com
ethan.ames@kellerpostman.com
   Parties Represented:

Todd D. Carpenter Esq.
James B. Drimmer Esq.
Scott G Braden Esq.
Lynch Carpenter LLP
1350 Columbia St.
Suite 603
San Diego, CA   92101
Phone: 619-762-1910
todd@lcllp.com
jim@lcllp.com
scott@lcllp.com
     Parties Represented:

P. Craig Cardon Esq.
Mr. Tyler E. Baker
Alyssa M. Sones Esq.
Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars
Suite 1600
Los Angeles, CA   90067
Phone: 310-228-3700
ccardon@sheppardmullin.com
tbaker@sheppardmullin.com
ASones@sheppardmullin.com
   Parties Represented:
   Children's Place, Inc.

Matthew J. Zevin Esq.
Lynch Carpenter LLP
1234 Camino Del Mar
Del Mar, CA   92014
Phone: 619-762-1910
mattz@lcllp.com
     Parties Represented:


I declare under penalty of perjury the foregoing to be true and correct. Executed at Irvine,

CALIFORNIA on June 10, 2024.

_____

Matthew Levington
JAMS
mlevington@jamsadr.com