IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJA BECKFORD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CHILDREN'S GROUP, INC.,<br><br>    Defendant. | Case No. 24-cv-06468-CRB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Defendant The Children's Group (known as TCP) moves for reconsideration of the Court's order denying its motion to dismiss in light of the Ninth Circuit's recent opinion in Jones v. Starz Entertainment, LLC, 129 F.4th 1176 (9th Cir. 2025). Mot. (dkt. 46). For the following reasons, the Court **DENIES** TCP's motion.

## I. LEGAL STANDARD

The Court has authority to reconsider and vacate its prior orders. See Fed. R. Civ. P. 54(b); Civ. L.R. 7-9. Reconsideration is proper if (1) despite reasonable diligence on behalf of the party moving for reconsideration, material facts or law were not presented to the Court before entry of the order on which reconsideration is sought; (2) new material facts arose or the relevant law changed after the order was entered; or (3) the Court manifestly failed to consider material facts or dispositive legal arguments presented to it. Civ. L.R. 7-9. Here, the Ninth Circuit issued Jones—which TCP contends "calls into question" the Court's legal analysis—on the same day the Court issued its order denying TCP's motion to dismiss. See MTD Order (dkt. 38). The Court did not consider Jones in its order, so reconsideration is appropriate under Local Rule 7-9. That said, the Court ultimately concludes that Jones did not affect a material change in the law.

## II.    **JONES V. STARZ ENTERTAINMENT**

In Jones the plaintiff, along with thousands of other claimants, filed arbitration claims against Starz in which she alleged violations of federal and state privacy laws. 129 F.4th at 1178. JAMS, the arbitrator, consolidated the arbitration proceedings, which then stalled after Jones's co-claimants repeatedly disqualified arbitrators. Id. So Jones—much like the plaintiffs in several cases that the Court did address in its earlier order—moved to compel arbitration under the Federal Arbitration Act. Id.; 9 U.S.C. § 4; see also Wallrich v. Samsung Elecs. Am., Inc., 106 F.4th 609, 613 (7th Cir. 2024); Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1013 (9th Cir. 2004); Bernal v. Kohl's Corp., No. 23-cv-1542, 2024 WL 4337452, at *4 (E.D. Wisc. Sept. 13, 2024). She argued that she was "aggrieved" by the consolidation of arbitration filings and that the consolidation provision of the arbitration agreement was unconscionable and should be read out of the agreement. Jones, 129 F.4th at 1179.

The Ninth Circuit rejected Jones's arguments. First, the court found that Starz had not failed, neglected, or refused to arbitrate as required for a motion to compel under the FAA. Id. at 1181; 9 U.S.C. § 4. Second, the court rejected Jones's unconscionability argument, explaining that Jones effectively wanted to rewrite the arbitration agreement to delete provisions that she did not like. Jones, 129 F.4th at 1185. As the court put it, it would not "use unconscionability doctrine to chisel an arbitration agreement into a version that suits her preferred contractual interpretations and then order the other party to comply with those modified terms." Id.

## III.    **DISCUSSION**

Nothing in Jones conflicts with the Court's reasoning in its order denying TCP's motion to dismiss. As the Court already explained, this is not a case in which Plaintiffs seek to compel arbitration or to enforce any iteration of the arbitration agreement they and TCP entered. Rather, Plaintiffs seek damages under the Consumer Legal Remedies Act. That procedural distinction undermines TCP's attempted reliance on Jones. See MTD Order at 7–8 (explaining why Wallrich, Lifescan, and Bernal—all involving motions to

2

compel arbitration—are not necessarily instructive for a damages suit under the CLRA). TCP's various arguments based on Jones are therefore unavailing.

### A.    Unconscionability

TCP first contends that the Ninth Circuit in Jones "declined to recognize a new style of unconscionability claims that reverse 'the commonsensical posture in which unconscionability is always invoked by the party seeking to avoid enforcement.' Instead, it held that 'the FAA does not allow' a court to 'reach the issue of unconscionability' when that issue is raised by a party seeking arbitration, rather than one avoiding it." Mot. at 6–7 (citations omitted). In other words, TCP suggests that Jones set forth a new rule that plaintiffs cannot allege that individual provisions of an arbitration agreement were unconscionable if those same plaintiffs wanted arbitration on lawful terms.

That is not what Jones held. In the following passages from Jones—all cited by TCP in its motion for reconsideration, see id.—the Ninth Circuit refused to use unconscionability doctrine as a vehicle to compel arbitration:

- "[AT&T Mobility LLC v. ]Concepcion never said that courts can modify the terms of an arbitration agreement at the request of the enforcing party." Jones, 129 F.4th at 1185 (emphasis added) (citing AT&T Mobility LLC v. Concepcion, 563 U.S. 333 (2011)).
- "Jones makes the novel request that we use unconscionability doctrine to chisel an arbitration agreement into a version that suits her preferred contractual interpretations and then order the other party to comply with those modified terms. This we cannot do." Id. (emphasis added).
- "Jones may not turn the shield of unconscionability into a sword to compel a type of arbitration that Starz never agreed to." Id. at 1185–86 (emphasis added).

In none of these passages does the court suggest that the CLRA might not provide a remedy for a plaintiff injured by an unconscionable provision in an arbitration agreement. Nor would that be consistent with California law. See Bardin v. DaimlerChrysler Corp., 136 Cal. App. 4th 1255, 1275 (2006) ("Any consumer who suffers any damage as a result

3

of the use or employment by any person of a method, act or practice declared to be unlawful by Civil Code section 1770 may bring an action against that person."). TCP's implication that arbitration agreements must either be wholly lawful or wholly unconscionable is also unsound. See Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 115, 121–27 (2000) (evaluating remedies available, including severability, for arbitration agreements that contain certain unconscionable provisions).

Instead of changing the law, the Ninth Circuit in Jones "decline[d] to reach the issue of unconscionability" altogether. 129 F.4th at 1186. So Jones does not affect, much less foreclose, a CLRA suit for damages arising from an unconscionable arbitration agreement.

### B. Harm

TCP also argues that the Ninth Circuit's holding in Jones means that Plaintiffs suffered no cognizable harm in this case, and therefore lack statutory standing under the CLRA. As they put it, "the arbitration venue remains 'available to resolve the claims asserted by Plaintiffs and others' if Plaintiffs follow the path outlined by JAMS." Mot. at 8 (cleaned up) (citing Jones, 129 F.4th at 1183). But Jones does not affect the harm analysis for CLRA claims.

Indeed, TCP overlooks fundamental differences between a motion to compel under the FAA and a suit for damages under the CLRA. A motion to compel under the FAA requires that the party moving to compel be "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration." 9 U.S.C. § 4 (emphasis added); see also Jones, 129 F.4th at 1181 ("By its plain terms, [the FAA] conditions a district court's authority to compel arbitration upon a showing that a party has failed, neglected, or refused to arbitrate."). A suit for damages under the CLRA, by contrast, requires that the plaintiff have "suffer[ed] any damage as a result of the use or employment by any person of a method, act or practice declared to be unlawful by Civil Code section 1770." Bardin, 136 Cal. App. 4th at 1275 (emphasis added). Damages under the CLRA can include "transaction costs" incurred "in order to avoid [an] unconscionable term." Meyer v. Sprint Spectrum, L.P., 45 Cal. 4th 634, 636 (2009).

4

The Court has already explained how Plaintiffs have adequately alleged harm under the CLRA, including that they have alleged transaction costs related to challenging an unconscionable provision. MTD Order at 9–11. Nothing in <u>Jones</u> changes that. In fact, the <u>Jones</u> court expressed that it "may have been more sympathetic" to Jones's argument that she had been aggrieved by the consolidation of thousands of arbitration claims had she been able to show that "she was denied the kind of arbitration she signed up for." 129 F.4th at 1183. She could not show that, but Plaintiffs have alleged as much: that they were deprived of a legal remedy (arbitration in an accessible venue pursuant to JAMS rules) that they had been contractually promised (in the 2022 Terms) when TCP unilaterally modified its arbitration agreement by inserting a purportedly unconscionable venue provision that materially changed the procedural rules for Plaintiffs' arbitration claims. That constitutes harm, MTD Order at 10–11, as do the transaction costs that Plaintiffs incurred to dispute the venue provision, <u>id.</u> at 9.

### C.  Modification Provision

As a final point, TCP asserts that the Court failed to consider a provision in the 2022 Terms that purportedly authorized TCP to unilaterally modify the terms and conditions at any time. Mot. at 11. That provision would not change any of the Court's analysis. Unilateral modification provisions are subject to the implied covenant of good faith and fair dealing and cannot be exercised in a way that is unconscionable. <u>Tompkins v. 23andMe, Inc.</u>, 804 F.3d 1016, 1033 (9th Cir. 2016) (citing <u>Casas v. Carmax Auto Superstores Cal. LLC</u>, 224 Cal. App. 4th 1233, 1237 (2014)). (Unilateral modification provisions can also be unconscionable in and of themselves, though their unconscionability does not render the entire arbitration agreement or contract unenforceable. <u>Id.</u>) And if one party exercises its unilateral modification rights in violation of the implied covenant of good faith and fair dealing to add an unconscionable provision, and the other party is harmed as a result—for instance, by incurring transaction costs to contest the provision—that harm is redressable under the CLRA even if the newly added provision is ultimately unenforceable. See <u>Meyer</u>, 45 Cal. 4th at 636.

5

**IV.   CONCLUSION**

For the foregoing reasons, the Court **DENIES** TCP's motion for reconsideration.

**IT IS SO ORDERED.**

Dated: April 25, 2025



CHARLES R. BREYER
United States District Judge